IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIEDRA A. BACA,

      Plaintiff,                                                      No. 1:17-cv-00726-KRS

v.

NANCY BERRYHILL, Acting Commissioner
of the Social Security Administration,

      Defendant.

## ORDER DENYING WITHOUT PREJUDICE MOTION
## TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** is before the Court on Plaintiff's motion to proceed *in forma pauperis*. [Doc. 2]. After considering Plaintiff's submissions and reviewing them pursuant to 28 U.S.C. § 1915, the Court **FINDS** Plaintiff's application is deficient and should be resubmitted so the Court can fully consider the merits.

Section 1915 allows the Court to "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets [the person] possesses [and] that the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). Additionally, the "affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress." *Id.* Consistent with the statute, the movant bears the burden of showing: (1) an inability to pay; and (2) she is "raising reasoned and non-frivolous arguments." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

The Court concludes the application Plaintiff filed does not meet the first part of the test in its present form. As a threshold issue, Plaintiff's husband, Fernando Baca, executed the "affidavit in support of the application" to proceed without prepayment. [Doc. 2, p. 1]. In so doing, he swore and affirmed under penalty of perjury that he is "a plaintiff or petitioner in this case." [Doc. 2, p. 1]. Mr. Baca, however, is not a named party in this matter. Although he may have an interest in the litigation, his is not a proper substitute for Plaintiff's signature. *See* Fed. R. Civ. P. 11(a) (requiring *pro se* parties *personally* to sign papers submitted to the Court).

Even if Mr. Baca could file the application on behalf of Plaintiff, this document, AO Form 239, does not evidence an inability to pay. Mr. Baca recites that his average *monthly* income over the past year was either $10,000 or $70,000. [Doc. 2, p. 1]. Using either sum, Plaintiff would be unable to avoid prepayment of the filing fee. Perhaps Mr. Baca meant to list annual household earnings, but he later indicates he expects to earn $3,000 in gross pay next month, which does not equal either $10,000 or $70,000 in yearly income. [Doc. 2, p. 1]. In addition, there is no clear calculation comparing monthly expenses to monthly income where provided for in the worksheet. [Doc. 2, p. 2 (listing "$0.00" as "Total Monthly Income")]. Elsewhere in the application, Mr. Baca reports owning real property with equity. [Doc. 2, p. 2]. Ultimately, it appears to the Court that Plaintiff misunderstood the requirements of the form and made scriveners errors that prevent the Court from fully understanding Plaintiff's financial picture. As a result, the Court would like Plaintiff to submit an application with her *own* signature together with complete and correct calculations.

**IT IS, THEREFORE, ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**. Plaintiff may submit a new application that

she signs and that correctly calculates her monthly expenses and income as directed in Form AO 239.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE