**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DIEDRA BACA,

        Plaintiff,

                                     Case No.  1:17-cv-00726-KRS

v.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND AND DISMISSING CASE WITH PREJUDICE

Diedra Baca seeks review of the Social Security Administration's final action finding her

not disabled under Title II of the Social Security Act for the period of October 1, 2006 to June

30, 2011, the date Baca last qualified for insurance benefits ("date last insured"). (Doc. 22).

After the agency denied her application for disability benefits initially and on reconsideration,

Baca received a hearing before an Administrative Law Judge ("ALJ"). (AR 43-86; 87-112). In

the written decision that followed, the ALJ determined at step three of the five-part sequential

process for evaluating disability, *see* 20 C.F.R. § 404.1520(b), that none of Baca's severe

physical and mental conditions qualified as *per se* disabling under the agency's Listing of

Impairments. (AR 19-21); 20 C.F.R. pt. 404, subpt. P, app. 1.  At steps four and five, the ALJ

concluded that, while Baca could no longer work as a machine operator, cashier, or food server,

she retained the residual functional capacity ("RFC") to perform some sedentary work.  (AR 22-

34).  According to a vocational expert who testified at the hearing, Baca could find employment

within her RFC as a patcher, surveillance monitor, and table worker, jobs available in the

national economy in significant numbers. (AR 35-36).

Baca argues the ALJ erred in rejecting limitations from two treating providers, Roland

Sanchez, MD and David Pacheco, PA-C, she says would require a more restrictive RFC, and by

relying on the unsigned records of a third treating provider in concluding that Baca was not

disabled as of her date last insured.  The Court reviews the ALJ's decision for substantial

evidence and to determine whether the ALJ followed the law.  *See Hendron v. Colvin*, 767 F.3d

951, 954 (10th Cir. 2014).  Having so reviewed and with consent of the parties to render a final

decision in this matter, *see* 28 U.S.C. § 636(c); (Doc. 16), the Court denies Baca's motion to

reverse and remand and dismisses the case with prejudice.

The crux of Baca's contention is whether the ALJ improperly relied on unsigned,

"dictated-but-not-read" records of treating physician Pamela Black, MD. The ALJ used Dr.

Black's findings, in part, as a basis for rejecting Baca's claims of disabling impairments and

assigning less weight to other providers.  Baca asserts that the records are unreliable and

unauthenticated hearsay that cannot be considered.  Although the Tenth Circuit has not addressed

the issue of unsigned records, the ALJ in this case asked Baca's attorney at the administrative

hearing whether he had reviewed the file, whether it was complete, and whether there was any

objection to the relevancy of the documents.[1]  The attorney answered yes to the first two

---

[1] The exchange reads, in pertinent part:

> ALJ: . . . Mr. Vigil [Baca's attorney], have you and the Claimant had an opportunity to review the file.
> ATTY: Yes, Your Honor.
> ALJ: . . . Do you have any objection to the relevancy of the documents –
> ATTY: No, Your Honor.
>  . . .
> ALJ:  . . . [I]s there anything else that you intend to submit in this case?
> ATTY: Yes, Your Honor. There were a couple of letters written by Ms. Baca's two, two out of her four daughters that she brought to me this morning.
> ALJ: Okay, So you'll leave – you'll, you'll get them in today?
> ATTY: I, I'll get them in today, and if you want to review them before the end of the hearing, happy to submit them, Your Honor.
> ALJ: Okay. Well, let's just put them into the exhibit file and we'll put this – and, so with those letters, this file is complete, is that your –

questions and no to the third; the issue is, therefore, waived here, and the ALJ was not required to develop the record further.[2] *See Wall v. Astrue*, 561 F.3d 1048, 1063 (10th Cir. 2009) (explaining that "the ALJ may reasonably rely on counsel to identify the issue or issues requiring further development") (citation omitted); *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (explaining that "waiver principles developed in other litigation contexts are equally applicable to social security cases"); *Birkinshaw v. Astrue*, 490 F. Supp. 2d 1136, 1141-42 (D. Kan. 2007) (finding waiver of objections to medical expert's competency where claimant failed to object to testimony at hearing).

Even had Baca preserved the issue, the Court agrees with other district courts in the Tenth Circuit that the lack of signature is typically of concern only where it is "impossible to identify an unsigned opinion as a medical opinion" coming "from an 'acceptable medical source' as required by the regulations" or where "it may be impossible to identify the period to which an undated opinion applies in determining the onset date of an impairment or of disability." *Lyons v. Astrue*, 2012 U.S. Dist. LEXIS 129576, at *26-27 (N.D. Okla. Sep. 12, 2012) (quoting *Peckham v. Astrue*, 780 F.Supp.2d 1195, 1204 (D. Kan. 2011)). These concerns are not present here, and contrary to Baca's contention, the only requirement in the regulations is that medical records from *consultative* examiners hired by the agency be signed. *See* 20 C.F.R. § 404.1519o(b)(1).

---

ATTY: Yes, Your Honor.

(AR 44-46).

[2] At one point, Baca's attorney used Dr. Black's unsigned records during the administrative hearing further underscoring that while Baca may have disputed the accuracy of the records, they were not inauthentic as she now claims for the first time on appeal.

As for Dr. Sanchez, the ALJ properly assigned little weight to his opinion that Baca could not walk 100 feet without stopping to rest.[3] Dr. Sanchez's assessment came in the form of a box checked in August 2013 on a "Certificate of Eligibility for Parking Placard" issued by the New Mexico Motor Vehicle Division. (AR 695). Even assuming this application constitutes a treating source's opinion of a medically-based functional limitation, the document does not purport to describe—or even relate to—Baca's condition *prior* to her date of last insured, which the ALJ correctly took into consideration. *See Hansel v. Berryhill*, 2017 U.S. Dist. LEXIS 66356, at *13-14 (D. Kan. May 1, 2017) (holding "[i]t was not error to discount [a treating doctor's] opinion because it was formed after Plaintiff's date last insured"); *Nelson v. Colvin*, 2016 U.S. Dist. LEXIS 94675, at *8-9 (D. Utah July 19, 2016); *Nelson v. Colvin*, 2016 U.S. Dist. LEXIS 94675, at *8-9 (D. Utah July 19, 2016) (holding that ALJ reasonably assigned little weight to treating source where his "opinion was not retrospective").

Baca cites no authority that would require the ALJ to give controlling weight to a non-retrospective walking restriction or otherwise engage in the treating-physician paradigm[4] under

---

[3] In her motion, Baca appears to confuse Dr. Sanchez with PA-C Pacheco. From what the Court can discern, the only opinion of Dr. Sanchez at issue is in the certification discussed below. Nonetheless, in her reply, Baca attributes the other limitations to PA-C Pacheco, and the Court addresses the doctor and physician's assistant separately to avoid confusion.

[4] Under the treating-physician rule, "the Commissioner will generally give greater weight to the opinions of sources of information who have treated the claimant than of those who have not." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (citation omitted). If a treating physician's opinion is "(1) supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) consistent with the other substantial evidence in the record," the opinion is entitled to controlling weight. *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007) (citation omitted). If the opinion is deficient in either of these respects, however, it is not to be given controlling weight, and "the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id.* This inquiry is governed by its own set of factors, which include:

> (1) the length of the treatment relationship and the frequency of examination;
> (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
> (3) the degree to which the physician's opinion is supported by relevant evidence;
> (4) consistency between the opinion and the record as a whole;
> (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
> (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

the circumstances. (*See* Doc. 22); *but see Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990) (framing the "[t]he relevant analysis" as whether the plaintiff "was actually disabled prior to the expiration of her insured status"). Regardless, the ALJ, in substance, applied the treating physician rule.[5] The ALJ specifically noted Dr. Sanchez had treated Baca since 2005 and Dr. Sanchez's singular limitation was not borne out by Baca's own function reports or supported in the medical evidence, including other treating providers. (AR 31-32). While it is true that the ALJ did mention "tests performed," it is unclear how that regulatory factor would apply to the walking restriction assessed, or that Dr. Sanchez did any testing to formulate his opinion. *See* SSR 06-3p, 2006 SSR LEXIS 5 (Aug. 9, 2006) ("Not every factor for weighing opinion evidence will apply in every case.").

For the same reasons, the ALJ did not err in rejecting PA-C Pacheco's opinion that Baca could not sit, stand, or walk for even two hours in a workday; lift ten pounds; reach, handle, and manipulate objects with her hands without limitation; perform work in a competitive environment more than fifty percent of the time; and undertake simple tasks without her pain or symptoms constantly interfering. (AR 667-68). PA-C Pacheco's January 1, 2015 "Medical Source Statement of Ability To Do Work-Related Activities" did not purport to be retroactive and, thus, is of little value to determining disability as of the date of last insured. Even so, the ALJ correctly pointed out that the limitations conflict with record evidence, including admissions from Baca that she walked five miles in 2010, which Baca does not dispute. (AR 31-32). In

---

*Id.* (citation omitted).

[5] Baca argues that the ALJ erred by failing to identify Sanchez as a treating physician or engage in the first step of the two step rubric for weighing opinions from treating physicians. The ALJ actually noted that Dr. Sanchez had treated Baca since 2005, and the Court can discern no error in failing to employ the magic words, "treating physician" as opposed to noting the duration of the relationship. Whatever error the ALJ may have committed in not explicitly engaging in controlling-weight analysis, the first step of the analysis, is harmless. By affording Dr. Sanchez "little weight," the ALJ made clear she did not give controlling weight to Dr. Sanchez's walking restriction. *See Tarpley v. Colvin*, 601 F. App'x 641, 643-44 (10th Cir. 2015) (explaining that "any imaginable oversight on this score is clearly harmless because the ALJ's ruling unambiguously demonstrates that he declined to give the opinions . . . controlling weight").

sum, the ALJ's determination that Baca is capable of performing sedentary work and jobs are available that match her RFC is supported by substantial evidence and free from legal error.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse/Remand (Doc. 22) is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent